

FILED

Jul 20 2016, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul O. Watkiss
State Auto House Counsel
Naperville, Illinois

ATTORNEYS FOR APPELLEES

John W. Mervilde
Rick D. Meils
William M. Berish
Meils Thompson Dietz & Berish
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Milbank Insurance Company,

*Appellant-Petitioner,*

v.

Indiana Insurance Company, et al.,

*Appellees-Respondents.*

July 20, 2016

Court of Appeals Case No.
46A03-1512-PL-2096

Appeal from the LaPorte Superior Court

The Honorable Richard R. Stalbrink, Jr., Judge

Trial Court Cause No.
46D02-1305-PL-844

**Robb, Judge.**

# Case Summary and Issue

[1] Milbank Insurance Company filed a declaratory judgment action seeking to determine, as between its personal auto policy and Indiana Insurance Company's business auto policy, which policy was primary and which insurer owed a duty to defend and indemnify Sydney Mireles in an underlying personal injury action against her. On summary judgment, the trial court determined the Milbank policy was primary. Milbank now appeals, raising several issues which we consolidate and restate as whether the trial court erred in determining the Milbank policy was primary. Concluding Milbank's appeal is untimely, but that regardless, the trial court did not err, we affirm.

# Facts and Procedural History

[2] At all relevant times, Milbank insured a vehicle owned by Paul Chandler. On May 15, 2012, Chandler took his car to a career center operated by Michigan City Area Schools ("School") to provide vocational training to its students. Vehicles are repaired at the center for only the cost of parts. Mireles was a student at the School and participated in the auto repair class for which she received course credit. The School had a Commercial Auto/Garage Keepers insurance policy issued by Indiana Insurance. Mireles had automobile insurance with Geico Indemnity Company. When Mireles drove Chandler's car into the garage area during class, she hit and injured Leon Klosowski, a teacher at the center. Klosowski filed a personal injury action against Mireles in July 2012.

[3]     On May 20, 2013, Milbank filed a complaint for declaratory judgment primarily against Indiana Insurance. The complaint also named Mireles, Klosowski, Chandler, the School, and Geico as "nominal but necessary" parties but made no claim for insurance coverage with respect to these nominal parties. Appellant's Appendix at 47-48. The complaint sought a judgment declaring first, that the Indiana Insurance policy is primary and Indiana Insurance would owe a defense and indemnity to Mireles in the underlying personal injury lawsuit and second, that the Milbank policy is excess and Milbank would only owe a defense and indemnity to Mireles after the limits of the Indiana Insurance policy were exhausted. Indiana Insurance filed a counter- and cross-claim for declaratory judgment seeking a judgment declaring that Mireles is not covered under the Indiana Insurance policy at all and therefore the primary/excess distinction is irrelevant.[1]

[4]     Both Milbank and Indiana Insurance filed motions for summary judgment.[2] The parties stipulated to the following facts: Mireles was an insured under both the Milbank and Geico policies; Geico is providing a defense to Mireles in the personal injury action; Mireles is not an employee of the School; Mireles participated in the vocational class for which she received credit, educational

---

[1] Geico also filed a counter- and cross-claim for declaratory judgment, seeking a determination it was excess to both Milbank's and Indiana Insurance's policies. Geico's policy did not seem to be at issue at the trial court, *see* Transcript of Summary Judgment Hearing at 5 (Milbank's counsel stating, "So you've basically got two competing policies. It's either going to be the Milbank policy that's primary or the Indiana Insurance Company policy that's primary."), and is not at issue on appeal.

[2] Geico joined in Milbank's motion for summary judgment.

instruction, and training; once Mireles signed up for the class, her participation was mandatory; and Mireles's operation of Chandler's car was within the scope of the permission he gave when he left the car with the School for repairs. *See id.* at 323-24. Following a hearing, the trial court entered the following order on August 28, 2015:

> 15. Milbank and Geico seek declaratory judgment that Mireles qualifies as an insured under the School's Indiana [Insurance] Policy; that the Indiana [Insurance] Policy is primary; and that the Milbank Policy is excess, only kicking in after the liability limits of the Indiana [Insurance] Policy are met.

> 15. Indiana [Insurance], on the other hand, seeks declaratory judgment that Mireles does not qualify as an insured under the Indiana [Insurance] Policy and therefore, making a primary/excess distinction between the Indiana [Insurance] Policy and the Milbank Policy is irrelevant.

> * * *

> 27. [Klosowski] cannot sue the School for his injuries because that claim is covered by his workers compensation. It seems illogical then, for [Klosowski] to be able to collect from the School's insurance by bringing the claim against his student. The School's Indiana [Insurance] Policy was purchased to provide coverage if someone not involved in the School's business or vocational class, in a manner of speaking an "outsider," were to bring a claim. The policy was not intended to allow a teacher and employee to, in effect, sue the School through a fellow agent of the [S]chool, in this case a student in a vocational class.

> 28. The Court finds that [Chandler's] car was covered by the School's Indiana [Insurance] Policy and that Mireles was acting

as an agent of the School's auto repair "business" and vocational class, however the School's Indiana [Insurance] Policy does not provide Mireles with liability coverage for a claim from another agent of the School, such as Mireles's teacher [Klosowski].

Therefore, it is ordered, adjudged and decreed that Indiana Insurance's Motion for Summary Judgment is hereby, granted, and Milbank Insurance's Motion for Summary Judgment, in which Geico Insurance joined, is hereby, denied.

App. at 14-18. On September 28, 2015, Milbank filed in the trial court a purported Notice of Appeal, stating it was appealing from the August 28, 2015 final judgment of the trial court granting summary judgment in favor of Indiana Insurance and denying Milbank's cross-motion for summary judgment. No Notice of Appeal was filed with the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court, no filing fee was tendered, and nothing further happened with respect to this "appeal."

[5] Thereafter, on November 17, 2015, Milbank filed in the trial court a "Motion to Clarify" alleging,

1. That Milbank filed this declaratory judgment action seeking a declaration that the policy issued by Indiana [Insurance] was primary and the policy issued by Milbank was excess.

2. That both Milbank and Indiana [Insurance] brought cross-motions for summary judgment.

3. That Milbank's motion for summary judgment sought a declaration that the Indiana [Insurance] policy was primary and that the Milbank policy was excess.

4. That Indiana [Insurance]'s motion for summary judgment sought a declaration that its policy did not cover the defendant being sued and therefore made the primary/excess distinction between the two policies irrelevant.

5. That while the court ultimately granted Indiana [Insurance]'s motion for summary judgment, the ruling is unclear as to the status of Milbank and whether it would therefore be primary. Since there was no declaration that Milbank's policy was primary it is unclear as to whether a final order was entered as this issue remains undecided.

Wherefore, [Milbank] moves this court for entry of an order clarifying that the order of August 28, 2015 granting summary judgment for [Indiana Insurance] and denying summary judgment for [Milbank] is a final order and that Milbank's policy is primary.

*Id.* at 403-04. The trial court entered an order on November 23, 2015, granting Milbank's motion to clarify declaring that "the policy issued by [Milbank] is primary, and that no other issues remain to be decided." *Id.* at 11. Milbank then filed a Notice of Appeal with the Clerk of the Supreme Court, Court of Appeals, and Tax Court purporting to appeal from the November 23, 2015 order granting its motion to clarify.

[6] Indiana Insurance filed a motion to dismiss Milbank's appeal, asserting the trial court's order of August 28, 2015, resolved all issues as to all parties, was therefore a final appealable order, and because Milbank did not perfect an appeal within thirty days of that order, its attempt to restart the clock with a motion to clarify and subsequent notice of appeal was untimely. The motion to

dismiss was denied by the motions panel of this court and the parties proceeded to fully brief the case.

# Discussion and Decision

## I. Timeliness

We first address Indiana Insurance's request that we reconsider the ruling of the motions panel and dismiss this appeal as untimely. Although reluctant to do so, the writing panel has the inherent authority to reconsider any decision of the motions panel while an appeal remains pending. *D.C., Jr. v. C.A.*, 5 N.E.3d 473, 475 (Ind. Ct. App. 2014). We may do so where a more complete record reveals clear authority establishing that the motions panel ruling was in error. *Haggerty v. Anonymous Party 1*, 998 N.E.2d 286, 293 (Ind. Ct. App. 2013).

Indiana Appellate Rule 9 provides that a party initiates an appeal from a final judgment by filing a Notice of Appeal with the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court within thirty days after the entry of the final judgment is noted in the Chronological Case Summary ("CCS"). Ind. Appellate Rule 9(A). A "final judgment" is defined, in part, as a judgment that disposes of all claims as to all parties. App. R. 2(H)(1). "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited . . . ." App. R. 9(A)(5).

[9]     Here, Milbank's complaint for declaratory judgment, which named Indiana Insurance as the primary defendant and Geico, among others, as a "nominal but necessary party," asked the trial court to

> enter judgment finding and declaring the rights of the parties as follows:
>
> A.  That the [Indiana Insurance policy] is primary and would owe a defense and indemnity to Mireles in the underlying personal injury action . . . ;
>
> B.  That the [Milbank policy] is excess and would only owe a defense and indemnity to Mireles in the underlying personal injury action . . . on an excess basis only after the liability limits in the [Indiana Insurance policy] have been exhausted . . . .

App. at 47-48, 53.  Milbank, joined by Geico, and Indiana Insurance each sought summary judgment in its favor.  Milbank's motion for summary judgment requested the trial court enter judgment exactly as requested by the prayer for relief in its complaint; namely, a declaration that Indiana Insurance is primary and Milbank is excess.  Indiana Insurance's motion for summary judgment requested the trial court enter summary judgment "in its favor, as against [Milbank's] Complaint . . . ." *Id.* at 311-12.  The trial court entered an order on those motions on August 28, 2015, which was noted in the CCS on September 3, 2015.  *See id.* at 9.  That order granted Indiana Insurance's motion for summary judgment and denied Milbank's motion.  The question presented in the declaratory judgment action and by the motions for summary judgment

was whether the Indiana Insurance or Milbank policy was primary.[3] When the trial court denied Milbank's motion for summary judgment and granted Indiana Insurance's, it in essence declared, contrary to Milbank's prayer for relief, that Milbank was primary, and the sole question raised by the declaratory judgment action was answered. No claims remained as to any party thereafter. And indeed, Milbank tried to initiate an appeal of the trial court's judgment by filing a Notice of Appeal, in which it stated it was appealing from a final judgment. Unfortunately, Milbank filed its notice of appeal with the trial court only. Although that used to be the procedure for initiating an appeal, *see* App. R. 9(A)(1) (2011), such has not been the case since January 1, 2012.[4] The trial court's August 28, 2015, order was a final judgment and Milbank did not file an effective Notice of Appeal within thirty days, and, thus the case was concluded at that point.

[10] Then, seventy-five days after the trial court's summary judgment order was entered on the CCS and approximately fifty days after filing an ineffective notice of appeal, Milbank filed a "motion to clarify" alleging the trial court's order, while ultimately granting Indiana Insurance's motion for summary judgment, did not specifically declare that Milbank's policy was primary and was therefore "unclear as to whether a final order was entered as this issue

---

[3] Although Geico was nominally involved in the declaratory judgment action, no party suggested Geico was primary.

[4] There was a grace period from January 1, 2012, until January 1, 2014, during which a notice of appeal filed with the trial court clerk would be deemed timely filed. App. R. 9(A)(5) (2012).

remains undecided." App. at 404. Indiana does not recognize a "motion to clarify." *Hedrick v. Gilbert*, 17 N.E.3d 321, 326 (Ind. Ct. App. 2014). In *Hedrick*, we treated a self-styled "motion to clarify" as a motion to correct error for purposes of determining the timeliness of an appeal. *Id.* (stating, "[i]f we were to treat [the motion to clarify] as something other than a motion to correct error or a motion to reconsider, practitioners would have no guidance on what such a motion should be, its timelines, or its possible end results"). A motion to correct error must be filed within thirty days of a final judgment, however, and Milbank's motion was not. We could also possibly consider the "motion to clarify" a motion for relief from judgment, which does not carry the same strict timelines as a motion to correct error. *See* Ind. Trial Rule 60(B) (stating a motion for relief from judgment must be filed not more than one year after the judgment was entered for certain enumerated reasons, and within a reasonable time for others). However, Milbank's motion to clarify does not contain any allegations that would arguably fit within the enumerated provisions of Trial Rule 60(B).

[11] The fact that the trial court purported to rule on the motion to clarify is immaterial. A trial court has inherent power to reconsider, vacate, or modify any previous order until the case proceeds to final judgment. *See* T.R. 54(B) (stating that non-final judgments are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"). After a final judgment is rendered in a particular case, however, the trial court retains only "such continuing jurisdiction as is permitted by the

judgment itself, or as is given the court by statute or rule." *Waas v. Ill. Farmers Ins. Co.*, 722 N.E.2d 861, 862 (Ind. Ct. App. 2000) (quotation omitted). Since Milbank did not file a timely motion to correct error following the entry of final judgment on August 28, 2015, and did not allege any grounds for relief from judgment, the trial court had no continuing jurisdiction over this case and its order on the motion to clarify had no effect, including restarting the clock for filing an appeal.

[12] Milbank's failure to timely file a notice of appeal from the trial court's final judgment forfeited its right to appeal absent "extraordinarily compelling reasons." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). We do not find any *extraordinarily* compelling reasons to consider this untimely appeal and Milbank does not offer any.[5] However, given our long-standing preference for deciding cases on the merits, *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149, 154 (Ind. 2014), and given that the motions panel denied the motion to dismiss and the parties thereafter fully briefed this case, we will proceed to consider the merits of the parties' arguments.

---

[5] Milbank continues to assert that the August 28, 2015 order did not dispose of all claims as to all parties and falls back on the issue of timeliness already being decided by the motions panel. *See* Appellant's Amended Reply Brief at 8. Milbank has failed to identify *why* the order, in granting summary judgment to Indiana Insurance and deciding Indiana Insurance was *not* primary, did not also effectively decide that Milbank's policy *was* primary.

## II. Summary Judgment

### A. Standard of Review

[13] We review the grant of summary judgment de novo. *Lyons v. Richmond Cmty. Sch. Corp.,* 19 N.E.3d 254, 259 (Ind. 2014). Our review is limited to those facts designated to the trial court, T.R. 56(H), and we construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party, *Meredith v. Pence,* 984 N.E.2d 1213, 1218 (Ind. 2013). We will affirm a grant of summary judgment only if the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). On appeal, the non-moving party carries the burden of persuading us the grant of summary judgment was erroneous. *Hughley v. State,* 15 N.E.3d 1000, 1003 (Ind. 2014).

### B. Primary Insurance

[14] Milbank concedes Mireles was covered under its policy as a permissive user. *See* App. at 323 (stipulation of facts stating "[t]hat Mireles qualifies as an insured under the Geico Policy and Milbank Policy"); *see also id.* at 84 (Part A of the Milbank policy stating it "will pay damages for bodily injury . . . for which any insured becomes legally responsible because of an auto accident" and defining "insured" to include "[a]ny person using your covered auto") (internal quotation marks omitted). But Milbank contends its "Other Insurance" provision makes it the excess insurer in this case. The "Other Insurance" provision states:

> Any insurance we provide for a vehicle you own shall be excess to that of a person engaged in the business of: 1. Storing; 2. Parking; 3. Servicing; or 4. Repairing; motor vehicles if the accident occurs while the vehicle is under that person's control or the control of that person's employee or agent.

*Id.* at 73 (internal quotation marks omitted). Milbank contends Indiana Insurance admitted in a Right of Reservation letter that Mireles was an insured under its policy, and that irrespective of the letter, Mireles meets the definition of an insured under the Indiana Insurance policy.[6] Therefore, Milbank asserts the trial court erred in denying its motion for summary judgment and granting Indiana Insurance's motion.

[15] With respect to the alleged admission, Milbank attached as an exhibit to its complaint a January 3, 2013, letter from Indiana Insurance notifying Geico of its reservation of rights. After citing several provisions of the Indiana Insurance policy, the letter stated,

> [Mireles] is potentially considered a "volunteer worker." We believe she is an insured, but only on an excess basis over any other collectible insurance . . . .

---

[6] Milbank also asserts the trial court erred in using tort law principles of liability when the issue is contract interpretation. The trial court's summary judgment order included findings and analysis supporting its conclusion. Although such findings are helpful to our review by giving insight into the trial court's rationale for its decision, they are neither required nor binding and they do not change our standard of review. *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 331-32 (Ind. 2013). Our review is de novo, and if the trial court's judgment can be sustained on any basis supported by the evidence, we will affirm. *Hicks v. Thatcher*, 44 N.E.3d 1258, 1261 (Ind. Ct. App. 2015). Therefore, we focus not on the reasoning by which the trial court reached its result, but on the result itself.

> By raising issues and referring to policy language in this letter we do not intend to waive the right to raise or rely on other defenses or policy language. We specifically reserve the right to amend our coverage position and any accompanying letter.

App. at 226. Milbank asserts the statement "[w]e believe she is an insured" is an admission by party opponent under Evidence Rule 801(d) and that when Indiana Insurance subsequently denied that Mireles was an insured under its policy in the summary judgment proceedings, it acted deceptively and in bad faith. *See* Appellant's Brief at 9, 15. Milbank willfully ignores the entirety of Indiana Insurance's letter, which is equivocal as to Mireles's status as an insured, *see* app. at 223 (letter stating Mireles "*may* be an insured,"), *id.* at 226 ("[w]e *believe* she is an insured, *but only* on an excess basis," and "Mireles *potentially* has excess coverage available"), and specifically reserves the right to amend its position. To the extent Indiana Insurance's letter is relevant to the coverage question, it is merely evidence to be considered in light of the actual language of the policies at issue. And Indiana Insurance certainly did not act in bad faith in tentatively positing early in the proceedings there *may* be coverage and then determining as the proceedings progressed that there was not.[7]

[16] We turn then to the language of the Indiana Insurance policy. We interpret an insurance contract under the same rules of construction as any other contract.

---

[7] Moreover, Milbank cites *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515 (Ind. 1993), in support of its assertion that Indiana Insurance acted in bad faith. *Erie Ins. Co.* recognized a cause of action for "tortious breach of an insurer's duty to deal *with its insured* in good faith." *Id.* at 519 (emphasis added). This is wholly inapplicable to this situation.

*WellPoint, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 29 N.E.3d 716, 721 (Ind. 2015). We construe the policy as a whole rather than considering individual words, phrases, and paragraphs, and we give clear and unambiguous policy language its plain and ordinary meaning. *See Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 251-52 (Ind. 2005). If there is an ambiguity, we construe the policy strictly against the insurer. *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009). An insurance policy is ambiguous only if a provision is susceptible to more than one reasonable interpretation. *FLM, LLC v. Cincinnati Ins. Co.*, 24 N.E.3d 444, 454 (Ind. Ct. App. 2014), *trans. denied*. "[T]he power to interpret contracts does not extend to changing their terms and we will not give insurance policies an unreasonable construction to provide additional coverage." *Thomson Inc. v. Ins. Co. of N. Am.*, 11 N.E.3d 982, 994 (Ind. Ct. App. 2014) (alteration in original) (quotation omitted), *trans. denied*.

[17] The named insured on the Indiana Insurance policy is "Michigan City Area Schools." App. at 108. Thus any reference in the policy to "you" means the School. The policy states it will "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" *Id.* at 113. A "covered auto," for purposes of this liability coverage, is defined as "any 'auto.'" *Id.* at 112. And finally, the policy provides:

> 1. Who Is An Insured

The following are "insureds":

a.  You for any covered "auto."

b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow *except:*

> \* \* \*

> (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" *unless that business is yours.*

*Id.* at 113 (emphasis added).

[18]    Milbank asserts that because Mireles was using Chandler's covered car with the School's permission while working in the School's own business of servicing or repairing the car, Mireles is an insured under subparagraph 3 of the Indiana Insurance policy.  In order to be an insured under this provision of the policy, however, Mireles must *also* have been using a covered auto that was *owned, hired or borrowed* by the School.[8]  There is no dispute that Chandler owned the car, not the School.  Further, there is no evidence or even suggestion that the

---

[8] Milbank asserts in its reply brief that it is unnecessary to determine whether the School owned, hired, or borrowed Chandler's car because the exception set forth in subparagraph 3 of the definition of insured "stands alone and is a separate definition of who is insured" under the Indiana Insurance policy.  Appellant's Am. Reply Br. at 6.  This assertion ignores the plain language and organizational structure of the policy. Subparagraph 3 describes an *exception* to the general definition of an insured as anyone besides the School while using with the School's permission a vehicle the School owns, hires, or borrows.  Therefore, we look first to the language of paragraph b to determine if Mireles is an insured under that definition, and *if it applies*, *then* we look to the exceptions in the following subparagraphs.

School hired the car. That means Mireles could only potentially be an insured if the School borrowed Chandler's car.

[19] In *Protective Ins. Co. v. Coca-Cola Bottling Co.*, 423 N.E.2d 656 (Ind. Ct. App. 1981), this court considered a "Truckmen's Endorsement" providing coverage to the named insured and any other person while using the insured vehicle with the permission of the named insured. However, the policy further provided if bodily injury or property damage arises out of the loading or unloading of the vehicle, coverage is only provided if the other person is a lessee or borrower of the automobile. Such a clause, excluding from coverage persons who are users but not borrowers or lessees of the vehicle "limits the insurer's liability for injuries resulting from acts of nonemployees of the named insured." *Id.* at 660. With respect to who is a "borrower," the court explained:

> A person can be using the vehicle without being a borrower of the vehicle. The term "borrower" has been defined as someone who has, with the permission of the owner, temporary possession and use of the property for his own purposes. To be a borrower, a person must have possession of the vehicle, possession connoting the right to exercise dominion and control over the vehicle. General supervision or even the actual performance of loading or unloading operations will not make one a borrower of the vehicle involved; there must be evidence of possession.

*Id.* (citations and footnote omitted). In contrast, "[a] bailment is an agreement, either express or implied, that one person will entrust personal property to another for a specific purpose and that when the purpose is accomplished the

bailee will return the property to the bailor." *Pitman v. Pitman*, 717 N.E.2d 627, 631 (Ind. Ct. App. 1999).

[20] Chandler left his car with the School for the specific purpose of having repair work done. He did not lend his car to the School to use for its own purposes. In this regard, the relationship between Chandler and the School was not that of lender-borrower; it was bailor-bailee. As in *Protective Insurance Company*, even the actual performance of repairing of the vehicle did not make the School a "borrower" of the car because that was the purpose for which *Chandler* left his car with the School. Accordingly, Mireles is not an insured under definition (b) of the Indiana Insurance policy because she was not using a car the School owned, hired, or borrowed.

[21] Mireles could also be an insured under the Indiana Insurance policy if she was a volunteer worker of the School. The School Business Auto Extension Endorsement to the Indiana Insurance policy amends the basic policy definition of "insured" to add:

> g. A "volunteer worker" of yours while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs or while performing duties related to the conduct of your business. Insurance provided by this endorsement is excess over any other collectible insurance available to any "volunteer worker."
>
> For the purpose of this endorsement provision, Section V – Definitions is amended by adding the following:

> "Volunteer worker" means a person who donates their services to you with your knowledge and consent and who is not paid a fee, salary or other remuneration.

App. at 126-27.[9] This provision does not require that the auto be owned, hired or borrowed by the School. However, it does require Mireles to have given her services to the School without any remuneration.

> A donation is defined . . . to be the act by which the owner of a thing voluntarily transfers the title and possession of the same from himself to another person, without any consideration [or] that which is given or bestowed; that which is transferred to another gratuitously, or without a valuable consideration; a gift; a grant.

*Ind. N. & S. Ry. Co. v. City of Attica*, 56 Ind. 476, 486-87 (1877) (internal quotation marks omitted). The parties stipulated that Mireles was required to attend class and she received class credit, education, and training for her participation; therefore, she neither donated her services nor forewent remuneration. Therefore, she does not satisfy the definition of a "volunteer worker" so as to be an insured under the Indiana Insurance policy.

[22] In addition, as the trial court pointed out, if Mireles *were* a volunteer worker or other agent of the School, Klosowski's exclusive remedy would be through worker's compensation and not through the School's private insurance. *See*

---

[9] The endorsement also adds "any 'employee' of yours while using a covered 'auto' you do not own, hire or borrow" to the definition of insured. App. at 126. The parties stipulated Mireles was not an employee of the School. *Id.* at 324.

Ind. Code § 22-3-2-6 (stating the "rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury . . . shall exclude all other rights and remedies of such employee"); *see also Sims v. U.S. Fid. & Guar. Co.*, 782 N.E.2d 345, 349-50 (Ind. 2003) (noting the worker's compensation exclusivity provision bars a court from hearing a common law action brought by an employee for injuries arising out of and in the course of employment, but does permit "an action against third party tortfeasors, *so long as the third party is neither the plaintiff's employer nor his fellow employee"*) (emphasis added).

[23] We disagree somewhat with the trial court's reasoning, inasmuch as the trial court found Mireles was an insured under the Indiana Insurance policy but Klosowski's remedy lies elsewhere and we hold she was not an insured under the policy. We agree, however, with the trial court's result: the Milbank policy is primary.

# Conclusion

[24] The trial court's grant of summary judgment to Indiana Insurance and denial of summary judgment to Milbank, resulting in a declaration that the Milbank policy is primary, is affirmed.

[25] Affirmed.

Najam, J., and Crone, J., concur.