## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin J. Moser
Kevin Moser Law PLLC
Fort Mitchell, Kentucky

ATTORNEY FOR APPELLEE

Leanna K. Weissmann
Lawrenceburg, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jack Putnick,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Laura (Iles) Putnick,<br>*Appellee-Respondent* | May 22, 2020<br><br>Court of Appeals Case No.<br>18A-DC-2674<br><br>Appeal from the Switzerland Circuit Court<br><br>The Honorable W. Gregory Coy, Judge<br><br>Trial Court Cause No.<br>78C01-1709-DC-242 |

**Crone, Judge.**

## Case Summary

The trial court entered an order dissolving the marriage between Jack Putnick (Husband) and Laura (Iles) Putnick (Wife). Husband appeals the court's decision to grant primary physical custody of the parties' minor son, J.P., to Wife, and its order that he pay $750 of Wife's attorney's fees, arguing that those decisions were clearly erroneous and/or an abuse of discretion. We disagree and therefore affirm.

## Facts and Procedural History

Husband and Wife married in April 2004. One child, J.P., was born of the marriage in November 2012. The parties separated in July 2017 when Wife left the marital home and moved with J.P. to northern Kentucky. Husband filed a petition for dissolution of marriage in September 2017 that came before the trial court for final hearing on August 8, 2018. Thereafter, the trial court entered its dissolution decree with specific findings of fact that provided in relevant part as follows:[1]

> 8. Husband lives at the marital residence; the residence is located on property that had been in Husband's family for some time.

> 9. Husband and Wife lived at the marital residence for twelve years.

---

[1] Where appropriate, we replace any reference to the parties' and the minor child's names with the aforementioned designations.

10. Husband testified that Wife left [with J.P.] on July 3, 2017, and that it was several days before he found out where she was.

11. He also testified that Wife has moved at least twice subsequently thereafter without notifying him of when and where she intended to move.

….

13. Wife moved … to her current [northern Kentucky] residence on Banklick Street.

14. Husband works at Autozone [making gross income of approximately $56,000 per year] and sets his own schedule; he has other store managers that can cover for him in the event he gains custody and would need to be away from the store.

15. If Husband gains custody, J.P. will attend school at Rising Sun Elementary.

16. Husband's mother would also be available to care for J.P. in the event he needed coverage; his sister would as well.

17. Husband does not intend to move from [the marital] residence in the near future and posits that J.P. would likely graduate from Rising Sun.

18. As for J.P.'s best interests, Husband points to his stability, security, and to the fact that the home he is in now is where J.P. has lived since birth other than for the time of separation, and will continue to do so.

19. Wife testified that where she lives now is her "forever home" and that it is a stable home environment for J.P.; she resides there with a Mr. Tomlinson who pays some of the costs of living.

20. Wife is disabled and receives $1245 per month due to a debilitating back injury.

….

22. Wife has had custody of her grandson [A] since he was born; he and J.P. think of one another as brothers.

23. The boys each have their own rooms and three acres to play on.

….

26. Wife also testified that J.P. will be attending Florence Elementary and that it is within minutes of where she lives.

….

28. As to the custody of the child, the court is required to consider the factors set forth in I.C. § 31-17-2-8.

29. As to the age and sex of the child, the court finds that the child is five (5) years old and has resided primarily with his mother since the date of separation; and that she has been the primary caregiver for the child since birth; whereas Husband has been the primary wage earner for the family during that time.

30. As to the wishes of the parents, each seeks joint legal custody with primary physical custody.

31. The wishes of the child are not considered due to his tender age.

32. The child's interaction with his parents is unknown but based on the testimony, the court finds that each parent has an outstanding relationship with the child.

33. The child's adjustment to the home is unknown; he is just starting kindergarten.

34. All parties are in good mental health; the only physical issue is Wife's disability but the court finds that to be a [nonfactor] in deciding custody.

35. There has been no physical violence between the parents.

Appealed Order at 2-3. Based on the foregoing, the trial court concluded that it was in J.P.'s best interests that the parties be granted joint legal custody with Wife having primary physical custody. Husband was granted parenting time in accordance with the Indiana Parenting Time Guidelines and was ordered to pay $129 per week in child support. Husband was further ordered to pay Wife's attorney $750 in fees within sixty days of the court's decree.

[3] Husband filed a motion to correct error, which was deemed denied on October 25, 2018. He filed a notice of appeal on November 9, 2018. However, the trial court clerk thereafter failed to timely file a notice of completion of clerk's record. Because Husband never sought an order compelling such completion pursuant to Indiana Appellate Rule 10(F), this Court dismissed the appeal with prejudice on August 26, 2019. Husband filed an amended appellate motion to correct error on October 1, 2019, requesting that the appeal be reinstated. Our motions panel granted Husband's motion and reinstated the appeal. Wife filed a motion to dismiss the reinstated appeal, which was subsequently denied by

the motions panel, and the parties proceeded to file their respective briefs herein.[2] We will provide additional facts as necessary.

# Discussion and Decision

## Section 1 – The trial court neither abused its discretion nor clearly erred in granting Wife primary physical custody of J.P.

[4] Husband challenges the trial court's physical custody determination. Our standard of review of initial child custody determinations is well settled. Determinations regarding child custody fall within the trial court's sound discretion. *Swadner v. Swadner*, 897 N.E.2d 966, 973 (Ind. Ct. App. 2008). In an initial custody determination, both parents are presumed equally entitled to custody. *Hamilton v. Hamilton*, 103 N.E.3d 690, 694 (Ind. Ct. App. 2018), *trans.*

---

[2] Wife urges us to reconsider the ruling of our motions panel and dismiss this appeal for Husband's failure to timely file a motion to compel completion of the trial court clerk's record pursuant to our appellate rules. Specifically, Indiana Appellate Rule 10(F) requires that, in the event the trial court clerk "fails to issue, file, and serve a timely Notice of Completion of Clerk's Record," an appellant shall seek an order from this Court compelling the clerk to complete the record and file such notice. Failure to do so subjects the appellant's appeal to dismissal. Ind. Appellate Rule 10(F). As noted above, Husband's appeal was originally dismissed due to his failure to timely file a motion to compel pursuant to Rule 10(F).

In his amended motion to correct error, Husband provided detail regarding his communications with the trial court clerk, her purported backlog, and his belief that the record would be completed timely. He explained that his failure to seek a motion to compel when the record was not, in fact, completed, was simply due to inadvertence as opposed to a willful disregard of the appellate rules. Wife suggests that Husband's claim of inadvertence is insufficient to justify reinstatement of his appeal. However, Wife made this argument to the motions panel, and the panel rejected it. *See* Order on Wife's Motion to Dismiss, Cause No. 18A-DC–2674 (Ind. Ct. App. Mar. 2, 2020). We acknowledge that the writing panel has the inherent authority to reconsider any decision of the motions panel while an appeal remains pending. *Milbank Ins. Co. v. Indiana Ins. Co.*, 56 N.E.3d 1222, 1226 (Ind. Ct. App. 2016). But, we generally do so only where a more complete record reveals clear authority establishing that the motions panel ruling was in error. *Id.* That is not the case here.

We do not minimize Husband's neglect in failing to follow up with the trial court, and we agree with Wife that cases involving children ideally should be resolved swiftly and without delay. Still, given our long-standing preference for deciding cases on the merits, *see id.*, and given that the motions panel reinstated the appeal and the parties have now fully briefed this case, we proceed to consider the merits of the parties' arguments.

*denied*. The trial court shall determine custody and enter a custody order in accordance with the best interests of the child by considering all relevant factors, including:

> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
> (A) the child's parent or parents;
> (B) the child's sibling; and
> (C) any other person who may significantly affect the child's best interests.
> (5) The child's adjustment to the child's:
> (A) home;
> (B) school; and
> (C) community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> (8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Ind. Code § 31-17-2-8. In deference to the trial court's proximity to the issues, we do not reweigh the evidence or determine the credibility of witnesses. *Hughes v. Rogusta*, 830 N.E.2d 898, 902 (Ind. Ct. App. 2005). Instead, we consider the evidence most favorable to the judgment, with all reasonable inferences drawn in favor of the judgment. *Id*. We will affirm the trial court's custody determination absent an abuse of discretion. *Swadner*, 897 N.E.2d at 973.

[5] The trial court here entered specific findings of fact to support its custody determination. Therefore, upon review, first we determine whether the evidence supports the court's findings, and second, we determine whether the findings support the judgment. *Lechien v. Wren*, 950 N.E.2d 838, 841 (Ind. Ct. App. 2011). We will set aside the trial court's specific findings only if they are clearly erroneous, that is, when there are no facts or inferences drawn therefrom to support them. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.*

[6] Husband concedes that the trial court considered the required statutory factors in making its custody determination. Indeed, the trial court found that the evidence indicated that the parties each had an outstanding relationship with J.P. and that they were relatively equal with regard to each of the statutory factors. However, in determining that five-year-old J.P.'s interests would best be served in the primary physical custody of Wife, the court considered evidence that Wife had been J.P.'s primary caregiver since birth, and that Wife has custody of her grandson of similar age, with whom J.P. shares a sibling-like relationship.

[7] Husband first complains that, in giving weight to this evidence, the court improperly presumed that Wife, as a mother, is better suited to have primary physical custody and that Husband is being punished for filling the traditional role of being the breadwinner during the marriage. We disagree with Husband's contention that the trial court engaged in improper presumptions or punishment, and we remind him that, in considering child custody, trial courts

are "often called upon to make Solomon-like decisions in complex and sensitive matters." *Pawlik v. Pawlik*, 823 N.E.2d 328, 329-30 (Ind. Ct. App. 2005) (citation omitted), *trans. denied*. Where, as in this case, each parent seeks sole primary physical custody of a child, the trial court must weigh the evidence and make a choice in the best interests of the child. The court did so here and determined that the evidence weighed in Wife's favor. The value of the trial court's close proximity to the parties and the issues in child custody cases cannot be overstated, *see id.*, and we are mindful that the trial court was in a better position than we are to make a decision on the merits. *Id.* Husband effectively invites us to reweigh the evidence as to J.P.'s best interests, which we will not do. *See id.* (emphasizing that this Court will not reweigh evidence when reviewing trial court's custody determination).

[8] Husband further asserts that, in addition to unjustifiably favoring Wife in its best interests analysis, the trial court abused its discretion and clearly erred in failing to consider Wife's "misconduct, interference with [Husband's] relationship with [J.P.], and lack of communication" in making its custody determination. Appellant's Br. at 11. However, Wife's testimony unequivocally contradicted Husband's version of events and characterization of her behavior (she testified Husband was fully aware that she was leaving him, that they communicate regularly, and that she does not interfere with the father-son relationship), and it was the trial court's prerogative to weigh the evidence and assess credibility. Indeed, although insisting that Wife's testimony was evasive and dishonest, Husband concedes that only the trial court, in observing

live testimony, can capture the "nuance[s] of an exchange." *Id*. at 12 n.2. Again, Husband effectively invites us to reweigh the evidence, and we will not.

[9] Regarding the trial court's findings of fact, Husband specifically challenges only finding number 33, that "the child's adjustment to the home is unknown; he is just starting kindergarten." Appealed Order at 3. Husband claims that this finding is clearly erroneous because "it is not possible to find that a child is not adjusted to [Husband's] residence where he lived … for the first four or five years of life …." Appellant's Br. at 16. While perhaps not as detailed as it could have been, we understand this finding to simply be an acknowledgement by the trial court that, due to J.P.'s young age and adaptability, his adjustment to his former primary residence when compared to his new primary residence was not a factor that weighed in favor of either party. This finding is not clearly erroneous. Moreover, as Husband does not specifically challenge the remaining findings of fact, we accept them as true. *McMaster v. McMaster*, 681 N.E.2d 744, 747 (Ind. Ct. App. 1997).

[10] In sum, the evidence and reasonable inferences support the trial court's findings and its ultimate conclusion that it is in J.P.'s best interests that Wife be granted primary physical custody, and our review of the record does not leaves us with

a firm conviction that a mistake has been made. The trial court's custody order is neither clearly erroneous nor an abuse of discretion.[3]

## Section 2 – The trial court did not abuse its discretion in awarding Wife $750 in attorney's fees.

[11] Husband also challenges the trial court's order that he pay $750 of Wife's attorney's fees. A court may order a party to pay "a reasonable amount ... to the other party" for attorney's fees associated with a dissolution action. Ind. Code § 31-15-10-1(a). The court has broad discretion in deciding whether to award attorney's fees, and we will reverse its decision only upon a showing of an abuse of discretion. *Whited v. Whited*, 859 N.E.2d 657, 665 (Ind. 2007). That is to say, we will reverse such an award only if it "is clearly against the logic and effect of the facts and circumstances before the court." *Mason v. Mason*, 775 N.E.2d 706, 711 (Ind. Ct. App. 2002), *trans. denied* (2003).

[12] Here, Wife requested $1000 in fees and the trial court awarded $750. Husband suggests that the trial court did so "without justification or reasoning." Appellant's Br. at 18. First, "the trial court need not give its reasons for its decision to award attorney's fees." *Bessolo v. Rosario*, 966 N.E.2d 725, 733 (Ind.

---

[3] Husband briefly suggests that, aside from the physical custody issue, an order of joint legal custody is not in J.P.'s best interests due to Wife's alleged failures to effectively communicate with Husband. We note that the parties specifically requested joint legal custody, and it is well settled that a trial court shall consider it a matter of primary importance that the persons awarded joint custody have agreed to an award of joint legal custody. *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1259 (Ind. Ct. App. 2010). Besides, we will reverse an award of joint legal custody only when the evidence indicates "a clear abuse of trial court discretion in that the joint custody award constitutes an imposition of an intolerable situation upon two persons who have made child rearing a battleground." *Swadner*, 897 N.E.2d at 974 (citation omitted). The evidence reflects no such imposition here.

Ct. App. 2012), *trans. denied*. "In determining whether to award attorney's fees in a dissolution proceeding, trial courts should consider the parties' resources, their economic condition, their ability to engage in gainful employment and earn income, and other factors bearing on the reasonableness of the award." *Eads v. Eads*, 114 N.E.3d 868, 879 (Ind. Ct. App. 2018). The trial court here specifically considered the parties' respective abilities to engage in gainful employment and earn income and found that Husband earns more than $50,000 per year in income, while Wife is unable to work and collects only $1245 per month in disability. This evidence of the parties' economic condition and their respective abilities to engage in gainful employment more than justifies the trial court's decision to award Wife a portion of her attorney's fees.

[13] Husband maintains that the trial court abused its discretion in again failing to consider Wife's alleged misconduct ("abscond[ing]" with J.P., "concealing" his whereabouts, and now "ransoming" him) in awarding fees. Appellant's Br. at 19-20. Husband is correct that any misconduct on the part of a party *that directly results* in the other party incurring additional fees *may* be taken into consideration. *See Bessolo*, 966 N.E.2d at 733. However, as discussed above, the trial court clearly did not agree with Husband's characterization of Wife's behavior, and we will not reweigh the evidence or reassess witness credibility on this issue. We find no abuse of discretion. The judgment of the trial court is affirmed in all respects.

Affirmed.

Bailey, J., and Altice, J., concur.