## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elaine Parran Boyd
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

J. Kirk LeBlanc
Nelson A. Nettles
Amanda M. Hendren
LeBlanc Nettles Law, LLC
Brownsburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mariah Ridley,
*Appellant-Plaintiff,*

v.

Kroger,[1]
*Appellee-Defendant.*

October 30, 2020

Court of Appeals Case No.
20A-SC-425

Appeal from the Marion Small Claims Court

The Honorable Kimberly J. Bacon, Judge

Trial Court Cause No.
49K03-1905-SC-2359

---

[1] We recognize that the proper designation for Appellee is "Kroger Limited Partnership." *See* Appellee's App. p. 30. However, for the sake of consistency with the filings in this case, we use the name prescribed by Ridley in her notice of claim.

**Mathias, Judge.**

[1] Mariah Ridley appeals a small claims judgment in her favor, arguing that the damages awarded are inadequate.

[2] We affirm.

## Facts and Procedural History

[3] In June 2017, Mariah Ridley was shopping inside her neighborhood Kroger when an employee accidently pushed "a large yellow mechanical device" over Ridley's right foot. Appellee's App. p. 13. She sustained a small cut to the top of her foot and bruising around the wound. Conf. Ex. Vol. pp. 9–10. Ridley— who was in school for nursing at the time—iced the foot for two days, but it "got worse." Tr. p. 16. So, she had x-rays taken and was diagnosed with a sprain. Over the next several months, Ridley twice saw an orthopedic surgeon. The first time, she was more specifically diagnosed with a mid-foot sprain, which the surgeon told her takes "longer to heal than a regular sprain." *Id.* at 20. She then returned to the surgeon a second time because she "was still having pain," though it was "[v]ery minimal." *Id.* at 22.

[4] In May 2019, Ridley filed a small claims court action against Kroger in which she requested $5,000 in damages. Kroger subsequently sent Ridley a qualified settlement offer of $1,800 to settle the claim. But she did not accept, and the case proceeded to a bench trial.

During trial, Ridley orally amended—without objection—the amount of damages sought to $8,000, which is the maximum allowed by statute. Ind. Code § 33-34-3-2. Kroger admitted liability; and Ridley testified about the injury, her subsequent treatment, and the lingering effects. Ridley submitted medical bills showing that she owed $275.46, and she testified that she spent about $30 on orthotics and bandages. The remaining amount requested was general damages for "pain . . . suffering . . . the scar" and "the bruises." Tr. p. 29. The court took the matter under advisement.

About a month later, the court entered judgment in favor of Ridley, directing Kroger to pay $1,775.46 plus costs. Ridley appeals that decision.[2]

## Standard of Review

Ridley challenges the amount awarded in the judgment issued by the small claims court.[3] The court here issued a general judgment, which will be affirmed

---

[2] Ridley's counsel spends a majority of the argument section in the Appellant's Brief focusing on events after the court entered judgment in her client's favor. *See* Appellant's Br. at 8, 12–18. While we are aware of this tangled procedural history, it does not affect today's decision. Our motions panel resolved much of the post-judgment dispute when it denied Kroger's motion to dismiss Ridley's appeal. Kroger does not ask us to revisit that decision, and thus we consider the parties' arguments on the merits. *See Milbank Ins. Co. v. Ind. Ins. Co.*, 56 N.E.3d 1222, 1228 (Ind. Ct. App. 2016). To the extent any confusion remains on Kroger's motion to recoup $1,000 under Indiana Code section 34-50-1-6, a preceding section of that chapter explicitly provides that it "does not apply to small claims actions," *id*. § -1. And as for Ridley's counsel's claims of "remarkably adverse acts" by the court as well as hints of "bias or prejudice" by the judge, Appellant's Br. at 8, 12, 18, our review of the record finds no support for these assertions. In fact, counsel's characterizations barely toe the line between zealous advocacy and a baseless, inappropriate attack on the judge's integrity.

[3] Several portions of the Appellant's Brief do not conform with our appellate rules: a majority of the factual statements are not supported by record citations, Ind. Appellate Rule 22(C); the "Statement of the Case" section is not supported by record citations, App. R. 46(A)(6)(a); and the "Statement of the Facts" section is neither supported by record citations, nor is it "stated in accordance with the standard of review," App. R. 46(A)(6)(b). We caution Ridley's counsel to comply with these rules in the future.

if it can be sustained on any legal theory supported by the evidence. *Hutchison v. Trilogy Health Services, LLC*, 2 N.E.3d 802, 805 (Ind. Ct. App. 2014). On review, we will not reweigh evidence or evaluate witness credibility; we consider only the evidence that supports the judgment, together with all reasonable inferences drawn therefrom. *Id.* This deferential standard is particularly important for small claims actions, where trials are informal, and the sole objective is "dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A); *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008).

## Discussion and Decision

[8] Ridley argues that the trial court erred in not awarding her the full $8,000 in damages that she requested. More specifically, she asserts that "the trial court's judgment failed to comport with the evidence in this case." Appellant's Br. at 18. We disagree. Ridley fails to acknowledge evidence in the record that supports the trial court's decision to award a lesser amount. And we find that the amount of damages awarded properly fell within that evidence. *See Bowman v. Kitchel*, 644 N.E.2d 878, 879 (Ind. 1995).

[9] Ridley's $8,000 in requested damages can be broken down into three categories: (1) $275.46 for outstanding medical bills; (2) $30 for out-of-pocket expenses;

and (3) $7,694.54 for pain and suffering.[4] In calculating her pain-and-suffering damages, she requested a specific amount per day from June 2017—after the accident— through January 2018—when she had her third and final doctor appointment. Ridley sought $75 per day for June; $50 per day for July; $30 per day for August through November; and $20 per day for December through January. When Ridley was asked how she arrived at the June figure, she responded, "I'm not sure. But it[']s based on the amount of pain that I was experiencing." Tr. p. 39. She then confirmed that she used the same reasoning to calculate the other daily amounts.

[10] The trial court, as the factfinder, could have credited Ridley's subjective valuations and awarded her the full amount requested; but it did not. Instead, the court awarded $1,775.46—the amount of her outstanding medical bills plus an additional $1,500. And the decision to award a lesser amount than Ridley requested is supported by the evidence favorable to the court's decision.

[11] That evidence reveals that Ridley's pain diminished quickly and significantly. Two days after the injury, she described her pain level as "moderate." Tr. p. 33. About seven months later, at her third and final doctor's visit, she described her pain as a "one" on a scale of one-to-ten. *Id.*; Conf. Ex. Vol. pp. 45. Then at trial, Ridley explained, "for the most part, my foot feels really good." Tr. p. 24.

---

[4] Ridley actually calculated $8,250 in general damages for pain and suffering, but she waived the amount in excess of $8,000 to fall within the jurisdiction of the small claims docket.

[12] The evidence favorable to the court's decision also undercuts Ridley's request for damages based on embarrassment caused by scarring and anxiety over potential adverse effects on her nursing career. At trial, she acknowledged that the scar had faded and does not cause as much embarrassment now. Tr. pp. 22, 39. And the court was able to compare photos of the cut taken the day of the incident and photos of the small scar taken about two months later. Conf. Ex. Vol. pp. 9–12. Regarding Ridley's anxiety, she clarified that she "didn't really think about" changing careers. Tr. p. 23. And though she was concerned that the injury may affect her ability to work as a floor nurse, it did not; at the time of trial, that was her current occupation.

[13] In short, the evidence favorable to the court's decision supports its judgment awarding Ridley $1,775.46 in damages—an amount less than the $8,000 she requested. To conclude otherwise would require us to reweigh the evidence entirely in her favor, which we will not do. See *Jasinski v. Brown*, 3 N.E.3d 976, 979 (Ind. Ct. App. 2013). Thus, there is no error.

## Conclusion

[14] The amount of damages awarded by the court is consistent with the evidence presented.

[15] Affirmed.

Bradford, C.J., and Najam, J., concur.